No. 20-5648

# United States Court of Appeals
## for the Sixth Circuit

————

DERRICK TAYLOR,

*Petitioner-Appellant*,

v.

ANGELA OWENS, WARDEN,

*Respondent-Appellee*.

————

On Appeal from the United States District Court
for the Western District of Tennessee
No. 2:18-cv-02158 (Fowlkes, J.)

————

BRIEF OF RESPONDENT-APPELLEE ANGELA OWENS, WARDEN

————

For the Appellee:

D. MICHAEL DUNAVANT
United States Attorney

KEVIN G. RITZ
Appellate Chief
167 North Main Street, Suite 800
Memphis, Tennessee 38103
(901) 544-4231
kevin.ritz@usdoj.gov

## TABLE OF CONTENTS

Table of Authorities ...........................................................................................iv

Statement Regarding Oral Argument ...................................................................vi

Statement of Jurisdiction.......................................................................................1

Issue Presented.......................................................................................................2

     I.      Whether the district court properly denied Taylor's petition for relief under § 2241? .....................................................................................2

Statement of the Case............................................................................................3

     I.      Taylor's criminal conduct .................................................................3

     II.     Taylor's criminal case and direct appeal..................................................4

     III.    Taylor's post-conviction motions.........................................................6

Summary of the Argument....................................................................................8

Argument...............................................................................................................9

     I.      In limited circumstances, prisoners can use the savings clause and § 2241 to attack a conviction. ..............................................................10

          A. Sixth Circuit case law on the savings clause .................................10

          B. The government's position..............................................................11

     II.     The district court properly denied Taylor's challenge to his conviction on Count Two, because the Supreme Court decisions Taylor cites do not apply to his case. ......................................................................12

          A. The actual-innocence test..............................................................12

          B. Taylor's claims.............................................................................13

ii

1. *Elonis* .................................................................15

2. *Rehaif* ...............................................................17

III.    This Court should affirm under the concurrent-sentence doctrine, because even if Taylor could attack his conviction on the § 2113(e) count, his overall sentence would remain the same. ...........................18

Conclusion ........................................................................20

Certificate of Compliance ..................................................21

Designation of Relevant District Court Documents ...................22

Certificate of Service .......................................................23

## TABLE OF AUTHORITIES

Cases                                                                    Page(s)

*Akins v. Easterling*, 648 F.3d 380 (6th Cir. 2011) ....................................................17
*Allen v. United States*, 536 U.S. 953 (2002) ............................................................16
*Bailey v. United States*, 516 U.S. 137 (1995) ..........................................................10
*Bousley v. United States*, 523 U.S. 614 (1998)..........................................................13
*Carter v. United States*, 530 U.S. 255 (2000)........................................................ 16, 17
*City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244 (6th Cir. 1994) ..........................9
*Dean v. United States*, 556 U.S. 568 (2009)..............................................................16
*Elonis v. United States*, 135 S. Ct. 2001 (2015) ..................................... 6, 7, 14, 16
*Evans v. Zych*, 644 F.3d 447 (6th Cir. 2011)................................................................9
*Haeberlin*, 878 F.2d 930 (6th Cir. 1989) ..................................................................18
*Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) ..................................................... 1, 9, 10
*House v. Bell*, 547 U.S. 518 (2006) ...........................................................................13
*Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020)................................................ 10, 17
*In re Williams*, 826 F.3d 1351 (11th Cir. 2016) ......................................................19
*Jones v. Castillo*, 489 F. App'x 864 (6th Cir. 2012) ................................................10
*McCarthan v. Director Of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017)..............................................................................................................12
*McCormick v. Butler*, 977 F.3d 521 (6th Cir. 2020)................................................11
*Nosov v. Schuylkill*, 634 F. App'x 379 (3d Cir. 2016)..............................................18
*Poindexter v. Nash*, 824 F. App'x 293 (5th Cir. 2020) ............................................14
*Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011) ...................................................12
*Rehaif v. United States*, 139 S. Ct. 2191 (2019) ..................................... 14, 15, 18
*Ryan v. United States*, 688 F.3d 845 .........................................................................18
*Schlup v. Delo*, 513 U.S. 298 (1995) .........................................................................13
*Taylor v. McKee*, 649 F.3d 446 (6th Cir. 2011)...........................................................9
*United States v. Allen*, 247 F.3d 741 (8th Cir. 2001)...............................................16
*United States v. Booker*, 543 U.S. 220 (2005)............................................................6
*United States v. Harper*, 869 F.3d 624 (8th Cir. 2017) ...........................................17
*United States v. Jackson*, 736 F.3d 953 (10th Cir. 2013) ........................................16
*United States v. McDuffy*, 890 F.3d 796 (9th Cir. 2018) .................................. 16, 17
*United States v. Parks*, 583 F.3d 923 (6th Cir. 2009)......................................... 6, 17
*United States v. Parks*, 700 F.3d 775 (6th Cir. 2012)..............................................17
*United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001) .......................................10
*United States v. Petras*, 879 F.3d 155 (5th Cir. 2018)............................................15
*United States v. Poindexter*, 44 F.3d 406 (6th Cir. 1995) ........................ 3, 5, 6, 15

*United States v. Vance*, 764 F.3d (7th Cir. 2014) ........................................................16
*United States v. Wheeler*, 2018 WL 5017116 (filed Oct. 3, 2018) ...........................11
*United States v. Williams*, 864 F.3d 826 (7th Cir. 2017) .........................................15
*Witham v. United States*, 355 F.3d 501 (6th Cir. 2004) ...............................................1
*Wooten v. Cauley*, 677 F.3d 303 (6th Cir. 2012) ...................................... 10, 12, 13
*Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019) ......................................... 11, 12

Statutes                                                                                                                    Page(s)

18 U.S.C. § 113(c) .......................................................................................................4
18 U.S.C. § 875(c) .....................................................................................................14
18 U.S.C. § 922(g) .....................................................................................................14
18 U.S.C. § 922(n) .......................................................................................................4
18 U.S.C. § 924(c) ................................................................................................. 4, 10
18 U.S.C. § 1201 ..........................................................................................................4
18 U.S.C. § 2113(e) .......................................................................................... 5, 14, 15
18 U.S.C. § 2113(a) .....................................................................................................4
28 U.S.C. § 2241 ................................................................................................. passim
28 U.S.C. § 2255 ................................................................................................. passim
28 U.S.C. § 2255(e) ..................................................................................................1, 6

## STATEMENT REGARDING ORAL ARGUMENT

The briefs and record below adequately set forth the facts and legal issues in this appeal.  The United States, therefore, does not believe the decisional process would be significantly aided by oral argument.

STATEMENT OF JURISDICTION

Federal prisoner Derrick Taylor appeals the denial of his petition for post-conviction relief under 28 U.S.C. § 2241.

Typically, federal prisoners must file motions under 28 U.S.C. § 2255 to challenge their convictions or sentences. *See Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). But this circuit has held that in a narrow set of circumstances, *see id.*, when a § 2255 motion would be "inadequate or ineffective to test the legality of his detention," *see* 28 U.S.C. § 2255(e), a prisoner may seek a writ of habeas corpus under § 2241 in his district of confinement. A prisoner has the burden of establishing that § 2255(e)'s "savings clause" applies to his case. *Hill*, 836 F.3d at 594.

Taylor filed a § 2241 petition in the Western District of Tennessee, which is both the district where he was prosecuted and the district where he is in prison. Pet., R. 1 (W.D. Tenn. no. 18-cv-02158), PageID 1. The district court denied Taylor's motion. Order, R. 14, PageID 63. Taylor filed a notice of appeal. Notice, R. 16, PageID 76. This Court has jurisdiction to review the district court's order pursuant to 28 U.S.C. §§ 1291 & 2253(a). Taylor did not have to obtain a certificate of appealability. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

## ISSUE PRESENTED

I.    Whether the district court properly denied Taylor's petition for relief under § 2241?

<u>STATEMENT OF THE CASE</u>

The district court denied Derrick Taylor's petition for post-conviction relief under 28 U.S.C. § 2241.  Taylor appeals.

I.    Taylor's criminal conduct

On April 24, 1992, Derrick Taylor and his brother David Poindexter robbed a bank in Mason, Tennessee.  *United States v. Poindexter*, 44 F.3d 406, 407 (6th Cir.), *cert. denied*, 514 U.S. 1132 (1995).  They entered the bank and ordered the tellers at gunpoint to put money into pillowcases.  *Id.*  Taylor also forced the bank's president to open the bank vault.  *Id.*

Taylor and Poindexter fled the scene, leading police officers on a high-speed, 20-mile car chase.  *Id.*  During the chase, Taylor (who was driving) broadsided a slower-moving Chevrolet Lumina, pushing the Lumina into a large tree.  *Id.*  The driver of the Lumina, Trevor McCracken, suffered critical injuries and died several days later.  *Id.*

Matt Wagner, the driver of a pickup truck, pulled over to offer assistance.  *Id.*  Taylor and Poindexter ran up to the pickup truck with their guns drawn.  *Id.*  Taylor shot through the driver's door window, striking Wagner, who lost a kidney as a result.  *Id.*

Taylor and Poindexter then ran into the family housing area of a U.S. Navy base.  *Id.*  They encountered Christine Romero Block, who was out on her back

porch with her two children. *Id.* Taylor and Poindexter grabbed Block and forced her into the house with them. *Id.* They held Block and her son hostage in the house for a half-hour, all while Block's one-year-old daughter was left outside alone. *Id.* Officers tracked Taylor and Poindexter to Block's house and arrested them. *Id.*

II.   Taylor's criminal case and direct appeal

The United States charged Taylor with:

- Armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & 2113(d) (Count One);

- Killing Trevor McCracken in avoiding apprehension for bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d), & 2113(e) (Count Two);

- Using and carrying a firearm during the bank robbery, in violation of 18 U.S.C. § 924(c) (Count Three);

- Assault with intent to commit murder within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 7(3) & 113(a) (Count Five);

- Assault with a dangerous weapon with intent to do bodily harm within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(c) (Count Six);

- Kidnapping within the special territorial jurisdiction of the United States, in violation of 18 U.S.C. § 1201 (Count Seven);

- Carrying and using a firearm during the kidnapping referenced in Count Seven, in violation of 18 U.S.C. § 924(c) (Count Eight); and

- Receiving a firearm while being under indictment, in violation of 18 U.S.C.

4

§ 922(n) (Count Nine).

*Poindexter*, 44 F.3d at 408.

In 1993 a jury convicted Taylor on all counts except Count Six. *Id.* The district court sentenced him to life on the killing-while-avoiding-apprehension-for-bank-robbery count, life on the kidnapping count, 25 years on the armed bank robbery count, 20 years on the assault-with-intent-to-commit-murder count, and 5 years on the possession-of-a-firearm count, all to run concurrent with each other; 5 years on the first § 924(c) count, to run consecutive to the other sentences; and 20 years on the second § 924(c) count, to run consecutive to the other sentences. Judgment, R. 6 (W.D. Tenn. no. 92-cr-20127), PageID 22. Taylor's total sentence, then, was life plus 25 years. *Poindexter*, 44 F.3d at 408. Poindexter was also convicted of numerous federal crimes and sentenced to life plus twenty-five years. *Id.*

On appeal, Taylor challenged the jury instruction on the 18 U.S.C. § 2113(e) charge (Count Two). The district court instructed the jury that the government did not need to show Taylor intended to kill Trevor McCracken; rather, the government had to show that Taylor "intended to avoid apprehension, and by his acts in avoiding or attempting to avoid apprehension, caused" McCracken's death. *Poindexter*, 44 F.3d at 408. This Court affirmed, holding—consistent with the common law felony murder doctrine—that Congress "did not intend to add an

additional scienter requirement to the killing component of the crime." *Id.* at 409.

III.    Taylor's post-conviction motions

A decade later, Taylor filed a motion under 28 U.S.C. § 2255. Mot., R. 1 (W.D. Tenn. no. 05-cv-02886). He requested a new sentencing hearing in light of *United States v. Booker*, 543 U.S. 220 (2005). Order, R. 2, PageID 60-61. The district court denied the motion in 2006, both because the motion was untimely and because *Booker* did not apply retroactively on collateral review. *Id.*, PageID 64. This Court denied a certificate of appealability. *Taylor v. United States*, No. 06-5623 (6th Cir. Apr. 20, 2007) (unpublished order).

In March 2018, Taylor (who is in federal custody in Memphis) filed a motion under 28 U.S.C. § 2241. Mot., R. 1 (W.D. Tenn. no. 18-cv-02158), PageID 1. Relying on *United States v. Parks*, 583 F.3d 923 (6th Cir. 2009), and *Elonis v. United States*, 135 S. Ct. 2001 (2015), Taylor alleged he was actually innocent of his conviction on Count Two—killing Trevor McCracken while avoiding apprehension for bank robbery. Mem., R. 1-1, PageID 10-11. He wanted the court to vacate Count Two and conduct a new sentencing hearing on all counts. *Id.*, PageID 24. The government opposed the motion, arguing that Taylor could not use § 2241 and the savings clause of 28 U.S.C. § 2255(e) to pursue relief from his conviction, and besides, any relief Taylor obtained as to Count Two would have no effect on his overall sentence. Resp., R. 11, PageID 47-53.

6

In April 2020 the district court denied Taylor's motion and dismissed it with prejudice.  Order, R. 14, PageID 73.  The court determined that neither this Court's decision in *Parks* nor the Supreme Court's *Elonis* decision provided any relief to Taylor.  *Id.*, PageID 69-73.  This appeal followed.

## SUMMARY OF THE ARGUMENT

The district court properly denied Taylor's § 2241 petition.  In limited circumstances, federal prisoners can use § 2255(e)'s savings clause and § 2241 to attack a conviction.  But to show actual innocence, a prisoner must at a minimum identify a retroactive Supreme Court case that applies to his case such that it is more likely than not no reasonable juror would have convicted him.

Taylor relies on two Supreme Court decisions, but even assuming they apply retroactively, neither of them apply to the statute under which Taylor was convicted on Count Two.  Therefore, he cannot use § 2241 to attack his conviction for killing someone while avoiding apprehension for bank robbery.  Also, even if Taylor could attack his conviction on Count Two, he would still be subject to a life sentence plus 25 years on other counts.

For these reasons, this Court should affirm.

ARGUMENT

Standard of Review

This Court reviews *de novo* the district court's denial of a habeas corpus petition. *Evans v. Zych,* 644 F.3d 447, 449 (6th Cir. 2011). This Court can affirm the district court's ruling on a petition for habeas relief on any basis supported by the record. *Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011); *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir. 1994).

Argument

Generally, collateral challenges to a federal conviction or sentence may only be raised under 28 U.S.C. § 2255. However, Congress has provided a remedy under 28 U.S.C. § 2241 if the § 2255 remedy "is inadequate or ineffective to test the legality of [a petitioner's] detention." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (quoting 28 U.S.C. § 2255(e)'s "savings clause"). The petitioner has the burden of showing he is entitled to use the savings clause. *Id.* Both in the district court and before this Court, Taylor has sought to use the savings clause to attack his conviction on Count Two of the indictment.

The district court properly denied Taylor's petition, as Taylor could not demonstrate he was entitled to relief. First, the Warden will set out the legal landscape that presently governs § 2241 petitions (like Taylor's) that challenge

9

criminal convictions.  Second, the Warden will explain why the Court should affirm the district court's order denying Taylor's § 2241 petition.

I.    In limited circumstances, prisoners can use the savings clause and § 2241 to attack a conviction.

A.    Sixth Circuit case law on the savings clause

"The circumstances in which § 2255 is inadequate and ineffective are narrow."  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  These circumstances include situations where the petitioner can demonstrate actual innocence of his crime of conviction, due to a change in the law.  *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see Jones v. Castillo*, 489 F. App'x 864, 865-66 (6th Cir. 2012) ("Only where an intervening change in the law establishes the prisoner's actual innocence is he permitted to challenge his conviction under § 2241.").  An example of this type of claim was where prisoners convicted under 18 U.S.C. § 924(c) for "using" a firearm during a crime of violence "found themselves innocent when the Supreme Court subsequently defined 'use' in a restrictive manner."  *Peterman*, 249 F.3d at 462 (citing *Bailey v. United States*, 516 U.S. 137 (1995)).  This Court has also held the savings clause can be used for a narrow category of sentencing-enhancement challenges.  *Hill*, 836 F.3d at 599-600.

A petitioner must identify a Supreme Court decision, not a circuit court decision, to invoke the savings clause.  *Hueso v. Barnhart*, 948 F.3d 324, 331-39 (6th Cir. 2020).  And "a federal prisoner cannot bring a claim of actual innocence

10

in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Under this standard, the prisoner must "show that binding adverse precedent (or some greater obstacle) left him with no reasonable opportunity to make his argument any earlier, either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255." *Id.* at 703 (quotation marks and citation omitted). To illustrate, a petitioner who unsuccessfully raised a claim in his initial § 2255 motion could later avail himself of the savings clause if there were a subsequent retroactive Supreme Court decision that changed the law governing that claim. *McCormick v. Butler*, 977 F.3d 521, 527-28 (6th Cir. 2020). In contrast, the savings clause is not available to a petitioner who had a reasonable opportunity to raise his claim in a prior § 2255 motion but failed to do so. *Id.* (citing *Wright*, 939 F.3d at 705).

B.      The government's position

The above framework presently applies to § 2241 petitions challenging convictions or sentences in this circuit. However, to preserve the argument for purposes of further review, the Warden sets out the position of the United States— which is that § 2241 relief is not available to *any* federal prisoner who has previously litigated a § 2255 motion. *See* Pet. for Cert. filed by the United States, *United States v. Wheeler* (S. Ct. No. 18-420), 2018 WL 5017116 (filed Oct. 3,

11

2018), *cert. denied*, 139 S. Ct. 1318 (2019). The Tenth and Eleventh Circuits have adopted this restrictive view of the savings clause in persuasive opinions. *McCarthan v. Director Of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1080 (11th Cir. 2017) (en banc); *Prost v. Anderson*, 636 F.3d 578, 579-80 (10th Cir. 2011). As the Eleventh Circuit has explained, this interpretation of the savings clause is consistent with the statutory text, which indicates that "a change in caselaw does not trigger relief under the saving clause." *McCarthan*, 851 F.3d at 1085-95; *see also Wright*, 939 F.3d at 706-10 (Thapar, J., concurring).

The Warden makes this argument here only to preserve it for potential further review. The argument is currently foreclosed by binding circuit precedent.

II.    The district court properly denied Taylor's challenge to his conviction on Count Two, because the Supreme Court decisions Taylor cites do not apply to his case.

The next step is to apply this circuit's savings-clause case law to the present case. Taylor argues actual innocence of Count Two, but his claim fails under this Court's framework.

A.    The actual-innocence test

For a savings-clause challenge involving an "actual innocence" claim, a petitioner must "allege and prove that he is 'actually innocent.'" *Wooten*, 677 F.3d at 307. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have

12

convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal citation omitted). In this way, the actual innocence "standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citation omitted). The standard is purposefully "demanding" and was designed to ensure that a successful petitioner's case is "truly extraordinary." *House v. Bell*, 547 U.S. 518, 537-38 (2006) (internal citation omitted). In rebutting claims of actual innocence, the government is not limited to the existing record; rather, it may present any admissible evidence of the defendant's guilt even if the evidence was not previously presented. *Bousley*, 523 U.S. at 624.

Consistent with these principles, this Court has set forth a four-prong test governing actual innocence claims brought via the savings clause. A petitioner must show:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten*, 677 F.3d at 307-08.

B.   Taylor's claims

13

Taylor cannot satisfy this demanding test.  He relies on two Supreme Court

decisions: *Elonis* and *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  The

fundamental problem with Taylor's argument is that even if these decisions are

new, retroactive interpretations of statutory law that Taylor could not have

incorporated into his prior appeals or motions—such that he can meet the first

three prongs of this Court's actual-innocence test—the cases do not "make it more

likely than not that no reasonable juror would have convicted him" of violating 18

U.S.C. § 2113(e).  In fact, *Elonis* and *Rehaif* do not apply to Taylor's case at all.

Notably, the Fifth Circuit recently affirmed the denial of a § 2241 petition

filed by Taylor's co-defendant Poindexter, and in doing so rejected the same

arguments Taylor makes about *Elonis* and *Rehaif*.  *Poindexter v. Nash*, 824 F.

App'x 293, 294-95 (5th Cir. 2020).  The Fifth Circuit correctly held that *Elonis* and

*Rehaif* had no effect on Poindexter's conviction under § 2113(e).  *Id.*

This Court should follow suit.  The Supreme Court held in *Elonis* that 18

U.S.C. § 875(c), prohibiting the transmission in interstate commerce of a threat to

kidnap or injure, does not apply to negligent conduct.  135 S. Ct. at 2011-12.

Rather, Section 875(c) is satisfied upon proof that the defendant was aware of the

threatening nature of the communication, or, possibly, that he or she recklessly

disregarded the fact that the communication was threatening.  *Id.* at 2012-13.  In

*Rehaif*, the Supreme Court held that to prove a violation of 18 U.S.C. § 922(g),

14

which bars prohibited persons from possessing firearms, the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant [prohibited] status when he possessed it."  139 S. Ct. at 2194.

Taylor was not convicted of § 875(c), so *Elonis* does not come into play here.  Taylor was convicted of § 922(n) (possession of a firearm while under indictment), but even assuming *Rehaif* applies to that crime, Taylor is not challenging his conviction on that count.  He only challenges his conviction on Count Two, which charged him with killing Trevor McCracken in avoiding apprehension for bank robbery in violation of 18 U.S.C. § 2113(e).

      1.     *Elonis*

Neither *Elonis* nor *Rehaif* affect the interpretation of § 2113(e).  Start with *Elonis*.  Even though *Elonis* articulated "a general presumption that criminal statutes contain a mens rea element, it did not mandate that all federal statutes be interpreted as specific-intent crimes."  *United States v. Petras*, 879 F.3d 155, 165-66 (5th Cir. 2018).  Of particular relevance here, the Seventh Circuit has explained that "[t]he reasoning of *Elonis* does not extend to bank robbery, where the concerns about innocent conduct and free speech in *Elonis* do not apply."  *United States v. Williams*, 864 F.3d 826, 829 (7th Cir. 2017).  Indeed, before *Elonis* the circuits that had considered the issue, including this circuit in Taylor's case, correctly held that § 2113(e) does not require an intentional killing.  *Poindexter*, 44

15

F.3d at 409; *see United States v. Vance*, 764 F.3d at 667, 675 (7th Cir. 2014)

(holding that § 2113(e) duplicates the general federal felony-murder statute, 18

U.S.C. § 1111(a)); *United States v. Jackson*, 736 F.3d 953, 957-58 (10th Cir. 2013)

("[T]he scienter requirement comes from 'knowingly' committing the underlying

bank robbery."); *United States v. Allen*, 247 F.3d 741, 782 (8th Cir. 2001) (noting

the "statute is like common law felony murder"), *judgment vacated on other*

*grounds by Allen v. United States*, 536 U.S. 953 (2002).

 *Elonis* did not change things.  As the Ninth Circuit persuasively reasoned in

a post-*Elonis* decision, the "text and structure of § 2113(e) indicate Congress

intended to omit a mens rea requirement."  *United States v. McDuffy*, 890 F.3d

796, 801 (9th Cir. 2018).  The Ninth Circuit noted *Elonis*'s statement that "a

scienter requirement should apply to *each of the statutory elements that criminalize*

*otherwise innocent conduct*," *id.* (citing *Elonis*, 135 S. Ct. at 2011 (emphasis in

*McDuffy* and internal citation omitted)), but explained that "the presumption in

favor of scienter is lessened, if not altogether absent, when considering sentencing

enhancement provisions" like § 2113(e), 890 F.3d at 801.  "Committing the basic

crime of bank robbery is already wrongful conduct," so "there is no need to add an

additional mens rea requirement" when applying § 2113(e).  *Id.* at 802 (citing

*Dean v. United States*, 556 U.S. 568, 576 (2009), and *Carter v. United States*, 530

U.S. 255, 269 (2000)).  After all, Section 2113(e) is the "sentencing enhancement

16

equivalent of felony-murder," and "[f]elony-murder does not require a mens rea beyond the mens rea necessary to commit the underlying felony." *Id.* For these reasons, Section 2113(e) "applies even when the bank robber accidentally kills someone." *Id.* at 799; *see also United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017) (rejecting an argument that *Elonis* changed the analysis of whether bank robbery was a "crime of violence" under the sentencing guidelines).

In his brief Taylor also cites this Court's decision in *Parks*, although it is unclear if he seeks to rely on it. ECF No. 13, Appellant Br., p. 13. Regardless, *Parks* cannot help him. First, as a circuit court decision, *Parks* cannot open the savings-clause window. *Hueso*, 948 F.3d at 339. Second, *Parks* did not disturb this Court's holding in *Poindexter* that there is no scienter element in § 2113(e). On the contrary, the panel majority in *Parks* reaffirmed that *Poindexter* was binding on this point. *See Parks*, 583 F.3d at 928 (White, J., concurring); *id.* at 930 (Cook, J., concurring in part and dissenting); *see also United States v. Parks*, 700 F.3d 775, 776 (6th Cir. 2012) (affirming sentence imposed on remand).

### 2. *Rehaif*

*Rehaif* is likewise unhelpful to Taylor. First, Taylor waived any argument based on *Rehaif* by failing to raise it below. *Akins v. Easterling*, 648 F.3d 380, 396-97 (6th Cir. 2011). Second, *Rehaif* is inapposite. The statute at issue in *Rehaif* contained the word "knowingly," and the question was whether that word applied

17

to a particular element of the crime (the defendant's status as a prohibited person).

139 S. Ct. at 2196. In answering that question in the affirmative, the Court relied

on both the text and the fact that "the defendant's status is the crucial element

separating innocent from wrongful conduct." *Id.* at 2196-97 (internal quotation

omitted). Here in contrast, Section 2113(e) does not contain the word

"knowingly," and as explained above, the enhancement provision does not separate

innocent from wrongful conduct. *Rehaif* has no application to Taylor's conviction

on Count Two.

III.　This Court should affirm under the concurrent-sentence doctrine, because even if Taylor could attack his conviction on the § 2113(e) count, his overall sentence would remain the same.

There is an alternative reason to affirm the denial of Taylor's § 2241 motion.

This Court and others have "decline[d] to hear a substantive challenge to a

conviction when the sentence on the challenged conviction is being served

concurrently with an equal or longer sentence on a valid conviction." *Dale*

*v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989) (citing *United States v. Jeter*,

775 F.2d 670 (6th Cir. 1985)); *see Gardner v. Warden Lewisburg USP*, 845 F.3d

99, 103-04 (3d Cir. 2017); *Ryan v. United States*, 688 F.3d 845, 848-49 (7th Cir.

2012). The doctrine may be applied if "it is apparent that the defendant will not

suffer collateral consequences from the unreviewed conviction." *Nosov v.*

*Schuylkill*, 634 F. App'x 379, 380 (3d Cir. 2016). For instance, the Eleventh

18

Circuit has held that a defendant should not be able to bring a successive § 2255 challenging a count of conviction where vacatur of that count would have no effect on the overall sentence because he was serving a life term on an untainted count. *See In re Williams*, 826 F.3d 1351, 1356-57 (11th Cir. 2016) (per curiam).

That common-sense rule applies here. Even if Taylor could somehow get his § 2113(e) conviction vacated, he would still be subject to a life sentence on the kidnapping count (Count Seven), plus 25 consecutive years on the § 924(c) counts. So, this Court should affirm the denial of his § 2241 motion.

CONCLUSION

For the reasons set forth above, this Court should affirm the district court's denial of Taylor's § 2241 petition.  Taylor also asks this Court—even if it rejects Taylor's arguments about the savings clause—to reverse the judgment below because the district court denied Taylor's motion "with prejudice."  But the government understands the district court's order to have addressed only the claims raised in Taylor's § 2241 petition.  An affirmance of the district court's order would not preclude Taylor from seeking to file post-conviction petitions raising different claims.  There is no need to direct the district court to change the wording of its order denying Taylor's petition.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

/s/ Kevin G. Ritz
Kevin G. Ritz
Assistant United States Attorney
167 North Main Street, Suite 800
Memphis, Tennessee 38103
(901) 544-4231
kevin.ritz@usdoj.gov

20

<u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the type-volume limitation provided in Rule 32(a)(7) of the Federal Rules of Appellate Procedure.  The brief contains 3,998 words of Times New Roman (14-point) proportional type, from the Statement of Jurisdiction through the Conclusion.  Microsoft Word is the word-processing software that I used to prepare this brief.

<u>/s/ Kevin G. Ritz</u>
Assistant United States Attorney

21

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Appellee, pursuant to Sixth Circuit Rules 28(c) & 30(b), hereby designates the following filings in the district court's record as entries that are relevant to this appeal:

| DESCRIPTION OF ENTRY | DATE | RECORD ENTRY # | PAGE ID # |
|---|---|---|---|
| **W.D. Tenn. No. 2:18-cv-02158** | | | |
| Petition | 03/08/2018 | 1 | 1 - 9 |
| Memorandum | 03/08/2018 | 1-1 | 10 - 24 |
| Government's Response | 12/12/2018 | 11 | 42 - 54 |
| Order Denying Petition | 04/27/2020 | 14 | 63 - 74 |
| Notice of appeal | 06/15/2020 | 16 | 76 - 77 |
| **W.D. Tenn. No. 2:05-cv-02886** | | | |
| Motion Under §2255 | 12/05/2005 | 1 | 1 - 58 |
| Order Denying Motion | 02/24/2006 | 2 | 59 - 67 |
| **W. D. Tenn. No. 2:92-cr-20127** | | | |
| Judgment | 11/20/1993 | 6 | 21 - 23 |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Brief for Respondent-Appellee United States was served upon attorney for Petitioner-Appellant via ECF.

This date: November 18, 2020.


/s/ Kevin G. Ritz
Assistant United States Attorney

23